Michael Maddigan (SBN 163450)
Hogan Lovells US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 785-4600
Fax: (310) 785-4601
michael.maddigan@hoganlovells.com

*Attorney for Defendant Amgen Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SAGEBRUSH HEALTH SERVICES, a Nevada nonprofit foundation, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |
| v. | |
| AMGEN INC., a California corporation; and DOES 1-10, inclusive, | (Removed from Ventura County Superior Court Case No. 2025CUBT056917) |
| Defendants. | |

\\4134-0434-6468  v2

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1331, 1332(a), and 1441(a), Defendant Amgen Inc. (Amgen) hereby gives notice of removal of the above-captioned action from the Superior Court of the State of California, County of Ventura, to the United States District Court for the Central District of California. The grounds for removal are as follows:

## BACKGROUND

1.      On December 30, 2025, Plaintiff Sagebrush Health Services (Sagebrush) filed a complaint in the Superior Court of the State of California, County of Ventura. Ex. 1 (Complaint). Sagebrush named Amgen as a defendant, along with ten additional defendants sued under fictitious names. Compl. ¶¶ 13–14.

2.      All of Sagebrush's claims target Amgen's alleged refusal to give discounts under a federal program known as the 340B Drug Pricing Program. *See e.g.*, Compl. ¶ 1 ("This action arises from a dispute between participants in . . . the 340B Drug Pricing Program . . . .").

3.      Sagebrush's lawsuit comes on the heels of four other lawsuits that have been filed in the U.S. District Court for the District of Columbia over the past 13 months—two of them filed by Sagebrush itself—raising questions of federal law that are identical or substantially similar to the questions implicated by Sagebrush's claims here: whether Sagebrush is entitled to receive discounted pricing on certain drug purchases under the 340B Program. *See Amgen Inc. v. Kennedy*, 1:24-CV-3571 (D.D.C. filed Dec. 20, 2024); *Sagebrush Health Servs. v. Kennedy*, No. 1:25-CV-127 (D.D.C. filed Jan. 16, 2025); *Genentech, Inc. v. Kennedy*, No. 1:25-CV-290 (D.D.C. filed Jan. 31, 2025); *Sagebrush Health Servs. v. Kennedy*, No. 1:25-CV-915 (D.D.C. filed Mar. 27, 2025). All of those cases are before the same district judge: Chief Judge Boasberg, who has already issued multiple substantive orders. *E.g.*, *Amgen, Inc. v. Kennedy*, No. 24-CV-3571, 2025 WL 2206948, at *4 (D.D.C. Aug. 4, 2025) (declining to dismiss Amgen's claims); *Sagebrush Health Servs. v. Kennedy*, No. 25-

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

\\4134-0434-6468  v2

CV-915, 2025 WL 1784436, at *1 (D.D.C. June 27, 2025) (denying Sagebrush's motion for a preliminary injunction).[1]

4.    The 340B Program is a uniquely federal initiative overseen by a federal agency.  As a condition of having their drugs covered by Medicaid and Medicare Part B, pharmaceutical manufacturers must offer to sell certain drugs at low prices to statutorily defined types of healthcare providers called covered entities.  Federal law creates and governs every detail of this program, including a comprehensive system of pricing rules, compliance obligations, and enforcement mechanisms.  *See generally* 42 U.S.C. § 256b; 42 C.F.R. §§ 10.1–10.25.  340B prices can drop as low as a penny.  82 Fed. Reg. 1,210, 1,215 (Jan. 5, 2017).

5.    Congress mandated that the 340B Program be "superintended" by the federal Health Resources and Services Administration (HRSA), which is supposed to remain "in control" of its "drug-price prescriptions."  *Astra USA, Inc. v. Santa Clara County*, 563 U.S. 110, 113–114 (2011).  Congress intended to create a "unitary administrative and enforcement scheme" characterized by "centralized enforcement in the government." *Id.* at 119 (quoting Brief for the United States as Amicus Curiae Supporting Petitioners at 32, *Astra USA, Inc. v. Santa Clara County*, 563 U.S. 110 (2011) (No. 09-1273), https://tinyurl.com/bdeah9c4).

6.    To resolve disputes about manufacturers' obligations under the 340B Program within that centralized scheme, Congress created two program enforcement methods—to the exclusion of all others.  The first is direct enforcement power vested in the federal Department of Health and Human Services (HHS).  If a manufacturer fails to provide 340B pricing when due, HHS may impose "civil monetary penalties." 42 U.S.C. § 256b(d)(1)(B)(vi).

7.    The second enforcement method is Administrative Dispute Resolution (ADR).  Congress instructed HHS to create an ADR system to adjudicate specific

---

[1]  Sagebrush has voluntarily dismissed one of its cases.  No. 25-CV-127 (D.D.C. Feb. 21, 2025), ECF No. 26.

\\4134-0434-6468 v2

categories of 340B disputes between covered entities and manufacturers. 42 U.S.C. § 256b(d)(3). By regulation, HRSA has further specified the types of claims that may be heard through the ADR process, including "[c]laims by a covered entity that it has been overcharged by a manufacturer" and "claims that a manufacturer has limited the covered entity's ability to purchase" drugs at 340B-discounted prices. 42 C.F.R. § 10.21(a)(1).

8. Manufacturers effectuate their 340B participation by signing a Pharmaceutical Pricing Agreement (PPA) with HRSA. *See generally* HHS, *General Instructions for Completing the Pharmaceutical Pricing Agreement (PPA)*, https://tinyurl.com/4nshe96y. The PPA imposes specific federal duties on a manufacturer, *id.* § II, and it specifies that the agreement "shall be construed in accordance with Federal common law," *id.* § VII(g).

9. Sagebrush's claims accuse Amgen of violating its obligations under "federal 340B statutory and regulatory requirements, the PPA, and HRSA's regulations." Compl. ¶ 90; *see also id.* ¶¶ 48, 66, 67, 75, 83, 96.

**I.   This Court Has Diversity Jurisdiction.**

10. Removal is proper under 28 U.S.C. § 1441(a) because this court has original jurisdiction under the diversity-jurisdiction statute, *id.* § 1332(a).

***There Is Complete Diversity of Citizenship Here.***

11. Amgen is incorporated in Delaware, and Sagebrush alleges that Amgen's "principal place of business" and "headquarters" are in Thousand Oaks, California. Compl. ¶ 13.

12. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) ("[A] corporation is typically a citizen of two states for determining the existence of diversity jurisdiction: the state of incorporation and the state in which it has its principal place of business.").

- 3 -
DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
\\4134-0434-6468 v2

13.     Based on the allegations in Sagebrush's Complaint, Amgen is a citizen of Delaware and California.

14.     Defendants Does 1–10 are "sued under fictitious names," and so their citizenship "shall be disregarded" for the purposes of assessing complete diversity. 28 U.S.C. § 1441(b)(1).

15.     Sagebrush alleges that it is organized under the laws of Nevada and has its principal place of business in Las Vegas, Nevada.  Compl. ¶ 12.

16.     Sagebrush is therefore a citizen of Nevada.

17.     Complete diversity of citizenship exists because Sagebrush and Amgen are "citizens of different States."  28 U.S.C. § 1332(a)(1); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction exists where "the citizenship of each plaintiff is diverse from the citizenship of each defendant").

***The Amount in Controversy Exceeds $75,000.***

18.     The amount in controversy here "exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

19.     Sagebrush seeks $7,000,000 in monetary relief, Compl. at 19–20 ¶¶ 1–2, and alleges that it is entitled to treble damages under Cal. Penal Code § 496(c), Compl. at 20 ¶ 3.

20.     In addition, Sagebrush seeks declaratory and injunctive relief purporting to compel Amgen to provide 340B discounted pricing on specific transactions—which could amount to monetary value greatly exceeding $7,000,000.  *See* Compl. at 20 ¶¶ 5–6.

21.     Thus, it is clear from "the face of the complaint" that the amount in controversy at the time of removal exceeds $75,000.  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416–417 (9th Cir. 2018).  To be clear, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (quoting *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986

\\4134-0434-6468  v2

(S.D. Cal. 2005), and citing *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003)).

***Amgen Has Not Yet Been Properly Served.***

22.    Removal is not precluded here by 28 U.S.C. § 1441(b)(2).   Although Amgen is allegedly a citizen of California, it has not been "properly joined and served" as a defendant.  *Id.*

23.    Sagebrush initiated this action on December 30, 2025.  Compl. at 21. On January 15, 2026, the Clerk of the Superior Court of the State of California, County of Ventura, officially acknowledged the filing by stamping the complaint as electronically filed.  Ex. 1 at 1.  Thus, this action was officially "filed" for purposes of 28 U.S.C. § 1441 on January 15, 2026.  *Casola v. Dexcom, Inc.*, 98 F.4th 947, 962 (9th Cir. 2024) ("A case will normally become removable as of the filing date shown on the endorsement stamped on the complaint when it is entered into the court's records . . . .").

24.    As of the filing of this Notice, Sagebrush has not served process on Amgen.

25.    Courts in this district have repeatedly recognized that removal is proper under these circumstances.  *E.g.*, *Zalvin v. Carrel*, No. 8:24-CV-482, 2024 WL 1121790, at *4 (C.D. Cal. Mar. 14, 2024); ("The plain language of section 1441(b)(2) is unambiguous: the text prohibits removal only where a forum defendant has been 'properly joined *and served*.'" (quotation omitted)); *Country Cas. Ins. Co. v. Hyundai Motor Am.*, No. 8:24-CV-2428, 2025 WL 242194, at *1 (C.D. Cal. Jan. 16, 2025) (citing *Mayes v. American Hallmark Ins. Co. of Tex.*, 114 F.4th 1077, 1079 (9th Cir. 2024)); *Kornfeind v. Kia Am., Inc.*, No. 8:23-CV-1796, 2023 WL 8456111, at *2 (C.D. Cal. Dec. 6, 2023); *Lawton v. Hyundai Motor Am., Inc.*, No. 8:23-CV-1797, 2023 WL 8018100, at *3 (C.D. Cal. Nov. 20, 2023); *Hong Kong Cont'l Trade Co. Ltd. v. Natural Balance Pet Foods, Inc.*, No. 22-CV-571, 2023 WL 2664246, at *4– 5 (C.D. Cal. Mar. 28, 2023); *Choi v. General Motors LLC*, No. 21-CV-5925, 2021

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

\\4134-0434-6468 v2

WL 4133735, at *2 (C.D. Cal. Sept. 9, 2021); *Dechow v. Gilead Scis., Inc.*, 358 F.
Supp. 3d 1051, 1055 (C.D. Cal. 2019); *Zirkin v. Shandy Media, Inc.*, No. 2:18-CV-
9207, 2019 WL 626138, at *4 (C.D. Cal. Feb. 14, 2019).

**II.    This Court Has Federal Question Jurisdiction.**

26.    Removal is also appropriate here because Sagebrush's claims present
substantial federal questions, including under the federal 340B statute.

27.    This Court's original jurisdiction encompasses "all civil actions arising
under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

28.    Although the determination "whether a case 'arises under' federal law
for purposes of § 1331" begins with the application of the "well-pleaded complaint
rule," *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830,
839 (2002), the inquiry does not end there.  *Empire Healthchoice Assur., Inc. v.
McVeigh*, 547 U.S. 677, 690 (2006).

29.    Courts instead apply the artful pleading doctrine, which allows courts to
look beyond the face of the complaint to ascertain the underlying nature of a claim
to determine whether the plaintiff has "articulate[d] an inherently federal claim in
state-law terms." *Brennan v. Southwest Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir.),
*amended sub nom. Brennan v. Southwest Airlines*, 140 F.3d 849 (9th Cir. 1998).

30.    Even where state law supplies a cause of action, a complaint may
nevertheless present a substantial question of federal law sufficient to merit removal
if "vindication of a right under state law necessarily turn[s] on some construction of
federal law." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808–809 (1986)
(quotation omitted); *see also Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)
("To bring a case within [section 1441], a right or immunity created by the
Constitution or laws of the United States must be an element, and an essential one,
of the plaintiff's cause of action.").

31.    Courts exercise federal question jurisdiction according to a multi-part
test under which "federal jurisdiction will lie over a state law claim if a federal issue

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

\\4134-0434-6468  v2

is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005). "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258 (quoting *Grable*, 545 U.S. at 314); *see also Hornish v. King County*, 899 F.3d 680, 690 (9th Cir. 2018) (finding federal question jurisdiction over claims pleaded under state law, in part, where the dispute required the court to interpret federal law).

32.    Sagebrush's complaint ticks every box under *Grable*, 545 U.S. 308.

33.    First, Sagebrush's state-law claims "necessarily raise a stated federal issue." *Grable*, 545 U.S. at 314. The complaint invokes federal law over and over again, citing the federal "340B statute," *e.g.*, Compl. ¶ 44, the "federal drug discount program" known as the "340B Program" created by the federal statute, *e.g., id.* ¶ 1; the provision of the "340B statutory discounted price" that is defined by reference to a formula set by federal law, *id.* ¶ 20; and "340B drugs" made available at that statutorily defined ceiling price, *id.* ¶ 3. The complaint specifically invokes the federal 340B statute and the implementing regulations promulgated by HRSA, the HHS subagency charged with administering the 340B Program. *E.g.*, *id.* ¶ 1 (citing 42 U.S.C. § 256b); *see also* ¶ 22 (citing 42 C.F.R. § 10.11).

34.    The complaint even makes the operation of federal law part of its prayer for relief: Seeking "injunctive relief . . . requiring Amgen to honor 340B pricing and chargeback processing consistent with 42 U.S.C. § 256b and 61 Fed. Reg. 65,406 (Dec. 12, 1996))." Compl. at 20 ¶ 6. All told, the twenty-page complaint references federal 340B law, the federal 340B Program, and the provision of 340B pricing under federal law more than a hundred times.

\\4134-0434-6468  v2

35.    Second, the federal issues are "actually disputed." *Grable*, 545 U.S. at 314–315. Amgen disputes Sagebrush's interpretation of "applicable law"—what the 340B statute and its implementing regulations require.  The parties so hotly contest the federal issues underlying the applicable law that Amgen has challenged HRSA's certification and recertification of certain Sagebrush entities, as Sagebrush's complaint acknowledges.  Compl. ¶ 8 n.1 (citing *Amgen Inc. v. Kennedy*, No. 1:24-CV-3571 (D.D.C. filed Dec. 20, 2024)).

36.    Third, the disputed federal issue is "substantial."  *Grable*, 545 U.S. at 314.  "The substantiality inquiry under *Grable* looks . . . to the importance of the federal system as a whole."  *Gunn*, 568 U.S. at 260.  Sagebrush's theories of liability necessarily require that a court determine the existence and scope of the parties' obligations under federal law because the 340B Program is a federal program through and through, and the availability of discounts authorized by the 340B Program is a uniquely federal issue.  Sagebrush's theories are thus "sufficiently significant to the development of a uniform body of regulation to satisfy the requirement of importance to the federal system as a whole."  *NASDAQ OMX Grp., Inc. vv. UBS Sec., LLC*, 770 F.3d 1010, 1024 (2d Cir. 2014).  Moreover, the merits of Sagebrush's claims will turn on an application of federal law as interpreted by the Supreme Court in *Astra*, 563 U.S. 110—underscoring the degree to which the federal issues in dispute are substantial.

37.    Fourth, this Court can exercise federal jurisdiction without disturbing the congressionally approved balance of federal and state judicial responsibilities. *Grable*, 545 U.S. at 314.  Sagebrush's claims "raise[ ] a contested matter of federal law."  *Id.* at 315.  Therefore, the exercise of federal jurisdiction would "portend only a microscopic effect on the federal-state division of labor" and would not open the doors of the federal courts whenever a breach of contract claim is related to 340B statute.  *Id.*

38.     For all these reasons, the complaint raises a substantial question of federal law vesting this Court with jurisdiction under 28 U.S.C. § 1331.

39.     In addition, the Court may exercise supplemental jurisdiction over any claims for which it may determine it lacks federal question jurisdiction. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* All of Sagebrush's claims arise from the same factual allegations regarding 340B pricing, no matter the stated state-law cause of action.

**III.    The Procedural Requirements for Removal Are Satisfied.**

40.     Venue is proper in this Court because the Central District of California is the judicial district encompassing the Superior Court of the State of California, County of Ventura, where this action was originally filed. 28 U.S.C. §§ 84(c)(2), 1446(a).

41.     This notice of removal is timely because Amgen received the Complaint (by means other than service of process) on December 30, 2025. As 28 U.S.C. § 1446(b)(1) requires, this notice of removal is filed within 30 days of December 30. *But see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (holding that the 30-day clock is not triggered "by mere receipt of the complaint unattended by any formal service").

42.     Pursuant to 28 U.S.C. § 1446(d), Amgen will promptly give written notice of this filing to all adverse parties and will file a copy of this notice with the clerk of the Superior Court of the State of California, County of Ventura.

43.     As required by 28 U.S.C. § 1446(a), true and correct copies of all the documents filed in the state-court action are attached hereto as Exhibit 1.

44.     Nothing in this Notice constitutes a waiver or admission of any allegation, defense, argument, or principle of equity available to Amgen.

\\4134-0434-6468  v2

1     **WHEREFORE**, Amgen hereby removes the above-captioned action from the

2     Superior Court of the State of California, County of Ventura, to the United States

3     District Court for the Central District of California.

4

5

6

7                                                          Respectfully submitted,

8

9     Dated: January 16, 2026                    */s/ Michael Maddigan*

10                                                          Michael Maddigan (SBN 163450)
                                                          HOGAN LOVELLS US LLP
11                                                          1999 Avenue of the Stars, Suite 1400
                                                          Los Angeles, CA 90067
12                                                          Tel: (310) 785-4600
                                                          michael.maddigan@hoganlovells.com
13

14                                                          *Attorney for Defendant Amgen Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

\\4134-0434-6468  v2